No. 23,815.

W. H. DOYLE, *Appellee,* v. CHARLES BENTRUP, *Appellant.*

SYLLABUS BY THE COURT.

1. BILL OF SALE—*Personal Property—Title Note Given—Lien on the Property Created.* A bill of sale given to buyers, and an instrument in form a title note, given by one of the buyers to the seller, as part of the same transaction of sale, construed together, and held to evidence a sale and to create a lien on the property described in the bill of sale.

2. SAME—*Property Subsequently Mortgaged—Priority of Liens.* One of the buyers, privy to the giving of the title note as security for part of the price, could not, by subsequent mortgage, acquire a superior lien on the property.

Appeal from Kearny district court; CHARLES E. VANCE, judge. Opinion filed June 10, 1922. Affirmed.

*H. O. Trinkle,* of Garden City, for the appellant.
*E. R. Thorpe,* of Lakin, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a lienholder to recover damages for appropriation of personal property subject to the lien. The plaintiff recovered, and the defendant appeals.

The plaintiff sold to Bentrup and Harry Doyle certain cane, straw, and other property, and gave them a bill of sale in which the property was correctly described. The consideration was $1,650. Bentrup paid $500 in cash. Bentrup and Harry Doyle gave their note for $450, which Bentrup afterwards paid. Harry Doyle delivered to the seller a team of horses valued at $275. The balance of the consideration was represented by a note for $425, given by Harry Doyle, which contained the following provision:

"The condition of the sale of the cane, straw, and pasture, for which this note is given, is such that the ownership, title or right of possession does not pass from said W. H. Doyle, vendor, until this note, original or renewal, is paid, and that in case of nonpayment thereof, or the sale, incumbrance or removal of said property from the vendee's premises in Deerfield, Kan., without

Realty Co. v. Elliott.

the written consent of the holder of this note, or in case such holder shall at any time deem himself or his debt insecure, he shall have the power to declare and make this debt wholly due and payable, to take possession of said property and hold the same or sell at public or private sale and apply the proceeds thereof to the cost of taking and sale, then toward the payment of this note, . . ."

This instrument was filed for record November 26, 1918. Harry Doyle gave to Bentrup a chattel mortgage on the property described in the bill of sale, to secure an indebtedness to Bentrup. Bentrup filed his mortgage for record December 6, 1918, and subsequently appropriated the property.

Bentrup contends the instrument, in form a title note, could not create a lien, because, as part of the same transaction, an outright bill of sale was given. Because the two instruments were part of the same transaction, they are to be construed together, as evidencing a sale and creating a lien. Bentrup also contends the title note was void as a lien instrument for lack of a description of property. The instrument referred to the sale, in consideration of which it was given and, read with the bill of sale, was not open to the objection urged. The evidence was that Bentrup was privy to the giving of the title note as security for payment of part of the purchase price of the property, and he cannot assume the position of a stranger who became an innocent mortgagee.

There is nothing else of importance in the case, and the judgment of the district court is affirmed.